IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 18-48-GF-BMM |
| | CV 19-18-GF-BMM |
| Plaintiff/Respondent, | |
| | |
| vs. | ORDER DENYING § 2255 MOTION |
| | AND GRANTING CERTIFICATE OF |
| MICHAEL CHRISTOPHER LAIRD, | APPEALABILITY |
| | |
| Defendant/Movant. | |

The Court received from Defendant Laird, a federal prisoner proceeding pro se, a brief statement on March 14, 2019, that he was "trying to file a 2255" because he believes his attorney "was working against me" and "use[d]" Laird's disability "to his advantage." Laird said counsel "would contradict about every thing he told me" and asked for "help." Mot. § 2255 (Doc. 36) at 1.

The Court advised Laird that it would consider his letter as a motion under 28 U.S.C. § 2255. *See* Order (Doc. 38) at 1–2. The Court gave Laird an opportunity to amend his allegations and add any more claims that he wanted to make. *Id.* Laird responded by submitting several more documents explaining how he believes that his counsel provided ineffective assistance.

Transcripts of the change of plea hearing, held August 23, 2018, and the sentencing hearing, held November 28, 2018, are needed to decide the issues that

Laird presents. The United States will be required to order these transcripts for the record and to deliver a copy to Laird. *See* 28 U.S.C. § 753(f).

## I. Preliminary Review

The Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" before the United States must respond. 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). The Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Laird's legal troubles in Montana began on April 24, 2018, when he was arrested on the Rocky Boy's Reservation and charged with assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3). *See* Compl. (Doc. 1); Return on Warrant (Doc. 9), *United States v. Laird*, No. CR 18-39-GF-BMM (D.

Mont. Apr. 20 and 25, 2018). A grand jury indicted Laird on May 17, 2018, on the assault charge. *See* Indictment (CR 18-39-GF Doc. 14) at 1–2. Laird faced up to ten years in prison if convicted. *See* 18 U.S.C. § 113(a)(3). The Court set trial for July 23, 2018, and then continued the trial to October 1, 2018. *See* Orders (CR 18-39-GF Docs. 17, 19).

The grand jury indicted Laird in this case, No. CR 18-48-GF-BMM, on June 21, 2018, on one count of conspiring to possess 50 grams or more of actual methamphetamine with intent to distribute it in violation of 21 U.S.C. § 846 (Count 1); and one count of possessing the same with intent to distribute it, or aiding and abetting the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2). Both counts allegedly occurred from February 2018 to April 2018. *See* Indictment (Doc. 1) at 2–3. Laird faced a mandatory minimum sentence of ten years, or a maximum sentence of life in prison, if convicted on either Count 1 or Count 2. *See* 21 U.S.C. § 841(b)(1)(A)(viii).

The parties reached a plea agreement. Laird agreed to plead guilty to a superseding information that charged him with possessing 50 grams or more of actual methamphetamine with intent to distribute it, or aiding and abetting the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The United States agreed to dismiss the indictments in this case and the assault case, No. CR 18-39-GF. *See* Plea Agreement (Doc. 13) at 2 ¶ 2, 6–7 ¶ 6. Laird pled guilty in open

court on August 23, 2018.  *See* Minutes (Doc. 19).

Based on all the information available to investigating officers concerning Laird's drug trafficking with co-conspirators Centeno, Ramirez, Denny, and others, between February and April 2018, Laird was held responsible for 1,000 to 3,000 kilograms of converted drug weight.[1] This drug weight resulted in a base offense level of 30.  The Court imposed a two-level upward adjustment for possession of firearms and ammunition in connection with the offense and a three-level downward adjustment for acceptance of responsibility and timely notification of plea.  With a total offense level of 29 and a criminal history category of III, Laird's advisory guideline range sat at 120 to 135 months.  *See* Presentence Report ¶¶ 38–47, 48–55; Am. Statement of Reasons (Doc. 34) §§ I(A), III; U.S.S.G. ch. 5 Part A (Sentencing Table).  The Court sentenced Laird on November 28, 2018, to serve the statutory mandatory minimum sentence of 120 months to be followed by a five-year term of supervised release.  *See* Am. Judgment (Doc. 33) at 2–3.

Laird did not appeal.  His conviction became final on December 8, 2018. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  He timely filed his § 2255 motion on March 14, 2019.  *See* 28 U.S.C. § 2255(f)(1).

---

[1]        Converted drug weight includes actual methamphetamine, methamphetamine of lesser or unknown purity, and any other controlled substances Laird trafficked or helped others to traffic.

## III. Claims and Analysis

Laird claims that counsel provided ineffective assistance in various respects. The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims for ineffective assistance of counsel. At this stage of the proceedings, Laird must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88; and (2) that no reasonable probability exists that, but for counsel's unprofessional performance, the result of the proceeding would have been different. *Id.* at 694.

Laird asserts that he could not lawfully receive a ten-year mandatory minimum sentence because investigating officers seized only 46.4 grams of methamphetamine at the time of his arrest. *See, e.g.*, Resp. to Order (Doc. 39) at 1-2. Laird further argues that the officers seized this quantity from someone other than him. *Id.* The indictment and the superseding information charged Laird with a three-month course of conduct. Laird's counsel obtained dismissal of the conspiracy charge. The remaining charge included aiding and abetting under 18 U.S.C. § 2. The aiding and abetting count left Laird potentially responsible for drugs that he touched with his own hands or for drugs in his personal possession or control when officers intervened to stop him. Laird also faced potential responsibility, under the aiding and abetting theory, for all the drugs that he helped

or encouraged others to possess, at any time between February 2018 and April 2018, with the intent to distribute them, or with confidence others would distribute them. The probation officer's assessment of 4,642.9 grams of actual methamphetamine attributed to Laid and his co-conspirators resulted in corresponding base offense level of 38.[2] The parties, the probation officer, and ultimately the Court agreed, however, that a base offense level of 30 better represented the scope of Laird's own acts and facilitation of others' acts. *See* Offer of Proof (Doc. 18) at 3–5; Presentence Report ¶¶ 11–32.

Laird complains that counsel coerced him to plead guilty by telling him "if [he] didn't sign [he] would be looking at more time as a result." *See* Resp. to Order (Doc. 39-1) at 1. Counsel's advice seems correct. First, by pleading guilty, Laird received a three-level downward adjustment for acceptance of responsibility and timely notification of plea. Laird would not have received that adjustment had he been convicted at trial. *See* U.S.S.G. § 3E1.1. His advisory guideline range without the adjustment would have been at least 151 to 188 months. Second, had the United States called trial witnesses to testify against Laird, they may have shown that Laird knew all about what others were doing, that he participated to a greater degree than previously known, that the group dealt a larger overall quantity of drugs in the three-month-long scheme, or even two or all three of these things

---

[2] Had this base offense level applied, Laird's advisory guideline range would have been 262 to 327 months, or about 22 to 27 years.

together. As a result, Laird's base offense could have exceeded 30. And finally, but for the plea agreement, Laird faced trial on the separate indictment that charged him with assault with a dangerous weapon. No. CR 18-39-GF-BMM. Laird faced another penalty of up to ten years if convicted in that case. Any sentence in this assault case could have run consecutive to his sentence in this case. *See* 18 U.S.C. § 3584.

Laird knew at the time that he changed his plea, and he acknowledged before the Court pronounced sentence, that he faced at least ten years. His statement that he was "stunned" at his release date does not suggest that he did not know what he was doing when he pled guilty. *See* Resp. to Order (Doc. 39-1) at 2.

Laird claims there is "no longer a mandatory minimum of ten years for this charge." *See* Resp. to Order (Doc. 40) at 2. The mandatory minimum sentence for possessing 50 grams or more of actual methamphetamine with intent to distribute it remains ten years. *See* 21 U.S.C. § 841(b)(1)(A)(viii).

The Court has considered all of Laird's responses to the Order of April 10. (Docs. 39, 40, 42, 43.) Laird's initial motion and all his responses fail to allege any fact supporting an inference that his guilty plea was involuntary or unintelligent or that he was actually innocent. No realistic possibility exists that he could have obtained a better outcome. A ten-year term may be "greater than necessary" to achieve the objectives of sentencing, *see* 18 U.S.C. § 3553(a), but Congress

decreed (and still decrees) that people who commit the offense that Laird committed must serve at least ten years in prison.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2255 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Laird's allegations meet the relatively low threshold required for a COA. Laird has pointed to several actions by his counsel and Laird's alleged lack of understanding of the charges or the evidence. Laird would be hard pressed to identify a reasonable probability of a better outcome had counsel done anything differently.  The Court of Appeals may disagree. A COA is warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing, held August 23, 2018, and the sentencing hearing,

held November 28, 2018, are needed to decide the issues Laird presents.

2. The United States shall immediately order the transcripts of those hearings for the Court's file and shall deliver copies to Michael Christopher Laird, BOP #17200-046, USP Lompoc, U.S. Penitentiary, 3901 Klein Blvd., Lompoc, CA 93436.

3. Laird's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 36, 39, 40, 42, 43) is DENIED.

4. A certificate of appealability is GRANTED. The Clerk of Court shall immediately process the appeal if Laird files a Notice of Appeal.

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 19-18-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Laird.

6. The clerk shall include with Laird's service copy of this Order a form application for leave to file a second or successive motion.

DATED this 13th day of September, 2019.

Brian Morris
United States District Court Judge